IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT KEARNEY, et al.,

                       Plaintiff,                  Case No. 3:05 CV 7219

  -vs-                                             MEMORANDUM OPINION

ABN AMRO MORTGAGE GROUP, INC.,

                       Defendant.

KATZ, J.

This matter is before the Court on Defendant's unopposed Motion to Dismiss (Doc. No. 9). The Court has jurisdiction under 28 U.S.C. §§ 1331 & 1332. For the following reasons, Defendant's motion is granted as to Counts One through Seventeen and Nineteen through Twenty but denied as to Count Eighteen, which is remanded due to lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiffs Robert and Jodi Kearney refinanced their home mortgage with Defendant ABN AMRO Mortgage Group, Inc. ("AAMG") on November 21, 2001. Plaintiffs claim they rescinded the mortgage and note on December 23, 2004. Sometime thereafter, AAMG initiated a foreclosure action in state court. On April 18, 2005, the Kearneys sued AAMG in the Fulton County, Ohio Court of Common Pleas, claiming the mortgage was illegal and void and seeking rescission and damages. The Kearneys claim AAMG violated the Truth in Lending Act and the Real Estate Settlement Procedure Act, and

committed common law fraud, by failing to make required disclosures, and that AAMG charged more in interest than Ohio law allows. AAMG removed.

## DISCUSSION

AAMG moves to dismiss the complaint, claiming Plaintiffs' federal causes of action are time-barred and that their state causes fail to state claims on which relief can be granted, are untimely, and violate Federal Rule of Civil Procedure 9(b).

*A. Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Westlake*, *supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2004).

*B. Plaintiff's Federal Claims*

In Counts One through Sixteen, Plaintiff accuses AAMG of violating various provisions of, and regulations enabled by, the Truth in Lending Act and the Real Estate Settlement Procedure Act. In Count

Twenty, Plaintiffs seek injunctive relief premised on violations of the TILA. Defendant correctly argues these claims are time-barred.

Plaintiffs asserting violations of the TILA and the relevant provisions of the RESPA must sue within one year of the date of the violation. 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. Additionally, an obligor's right to rescind a mortgage transaction under the TILA expires three years after the date of consummation. 15 U.S.C. § 1635(f).

Here, Plaintiffs allege the transaction was consummated on November 21, 2001. Because the TILA and the RESPA require disclosures to be made at the latest when credit is extended, Plaintiff's TILA and RESPA claims, filed on April 18, 2005, are time-barred. Their December 23, 2004, attempt to rescind was also untimely, as is any current claim for rescission under the TILA. Therefore, based on the facts alleged in the Complaint, this Court cannot grant relief on Plaintiffs' federal claims. The claims stated in Counts One through Sixteen and Twenty of the Complaint are dismissed.

*C. State Law Claims*

Plaintiffs bring claims for common-law fraud, violation of Ohio's usury statute, and, mysteriously, violation of Arizona Revised Statutes Section 6-909. Plaintiffs' fraud and Arizona claims are dismissed. Their remaining claim for violation of Ohio's usury statute claim cannot meet the amount in controversy requirement for diversity jurisdiction and is therefore remanded.

1. Fraud

Plaintiffs claim in Count Seventeen that Defendant's failure to provide disclosures required by the TILA and the RESPA and its statement to Plaintiffs that the interest rate on the loan it provided was the lowest rate available to Plaintiffs constituted fraud, because Defendants knew that it had increased the

3

rate to cover a yield spread premium. Defendants have moved to dismiss Plaintiff's entire Complaint as untimely, and argue that the fraud claim fails to meet the requirements of Federal Rule of Civil Procedure 9(b).

In Ohio, "the performance of an executory contract after knowledge of facts making it voidable on the ground of fraud in its procurement, is a waiver of any right of action for damages for the fraud." *Balt. & Ohio R.R. Co. v. Jolly Bros. & Co.*, 72 N.E. 888, 895 (Ohio 1904). Here, Plaintiffs entered into the mortgage and note in November of 2001. Since they did not attempt to rescind until December of 2004, and since Defendants only attempted to foreclose sometime after that, it is clear that Plaintiffs met their contractual obligations at least until that time. However, Plaintiffs would have learned the factual bases of their fraud claim, i.e., that Defendant failed to make required disclosures and that Plaintiffs were charged a yield spread premium, almost immediately after settlement. Their subsequent performance waived any claim of fraud. Moreover, Plaintiffs have failed to specify the time and place the Defendant fraudulently stated that no lower interest rate was available, as required by Federal Rule of Civil Procedure 9(b). *Ullmo v. Gilmour Academy*, 273 F.3d 671, 678 (6th Cir. 2001). Plaintiffs' fraud claim is therefore dismissed.

2. Arizona Mortgage Broker Act

In Count Nineteen, Plaintiffs claim AAMG violated "A.R.S. § 6-909," which is part of the Arizona Mortgage Broker Act. The Plaintiffs are residents of Ohio; the Defendant is a Delaware Corporation with its principle place of business in either Ann Arbor, Michigan or Chicago, Illinois. The mortgaged property is located in Ohio. Because the Complaint alleges no connection to the state of Arizona whatsoever, Plaintiffs' Arizona Mortgage Broker Act claim is dismissed.

3. Usury

Plaintiffs claim in Count Eighteen that Defendant required them to pay an undisclosed broker's fee that was in excess of the legal rate allowed by Ohio law, and which caused the interest rate for the loan to exceed the legal interest rate. Ohio Revised Code § 1343.01(A) limits annual percentage rates on loans to eight percent per annum unless certain exceptions apply. Section 1343.011(B) provides that "no mortgage lender shall receive either directly or indirectly from a seller or buyer of real estate any discount points in excess of two percent of the original principal amount of the residential mortgage." "Discount points" are "any charges, whether or not actually denominated as 'discount points,' that are paid by the seller or the buyer of residential real property to a residential mortgage lender or that are deducted and retained by a residential mortgage lender from the proceeds of the residential mortgage," not including settlement costs defined in RESPA. Ohio Rev. Code § 1343.011(A)(1).

In determining the interest rate charged, the Court may rely on the loan documents submitted by Defendants because they were referred to in the Complaint and are central to Plaintiffs' claim. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). The Truth in Lending Disclosure Statement signed by Plaintiffs indicates that the annual percentage for the loan was 6.904%, below the statutory maximum. Any discount points, charges, or other up-front fees would not increase the annual percentage rate. Therefore, any claim that Defendant violated Ohio Revised Code § 1343.01 is dismissed.

However, Plaintiffs claim to have paid an undisclosed "yield spread premium" in excess of the legal rate allowed for discount points, which is set out in Ohio Revised Code § 1343.011. Based on the Complaint and the loan documents, the Court cannot determine beyond doubt that Plaintiffs can prove no set of facts entitling them to relief on that claim. However, unless Plaintiffs were charged an undisclosed

5

broker's fee of seventy-five points on their roughly $100,000 mortgage loan, this Court lacks jurisdiction under 28 U.S.C. § 1332. Plaintiff's Ohio Revised Code § 1343.011 claim is therefore remanded to the Fulton County, Ohio Court of Common Pleas.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (Doc. No. 9) is granted as to Counts One through Seventeen and Nineteen through Twenty, but denied as to Count Eighteen. The Clerk is instructed to remand Plaintiff's Count Eighteen claim to the Fulton County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE